# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:07CV-00071-JHM

**GARY JODY WEISS**                                                                 **PETITIONER**

**VS.**

**JOHN MOTLEY, Warden**                                              **RESPONDENT**

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

### BACKGROUND

Petitioner, *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 4). The district court referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) (DN 8).

The respondent filed a Rule 5 answer as well as a motion to dismiss (DN 11, 12). After petitioner's reply time expired the undersigned issued a Report and Recommendation (DN 13). Thereafter, petitioner filed an objection that indicated he did not receive respondent's Rule 5 answer and motion to dismiss and, therefore, did not have an opportunity to file a reply before the undersigned issued a Report and Recommendation (DN 14). The District Court sustained petitioner's objection to the Report and Recommendation, directed the Clerk to serve a copy of the answer and motion to dismiss on petitioner, and provided petitioner with an opportunity to file a reply memorandum (DN 15). Thereafter, petitioner timely filed his reply to the Rule 5 answer and motion to dismiss (DN 16).

The undersigned concludes the record is adequately developed to address the issues raised herein and, thus, an evidentiary hearing is not necessary. The issues raised by petitioner are

fully developed and this matter is ripe for determination.

## FINDINGS OF FACT

On August 26, 1999, the Clinton County Grand Jury indicted petitioner, Gary Jody Weiss ("Weiss"), and Randal G. Hicks ("Hicks") for murder. Weiss v. Commonwealth, 2006 WL 2328452, *1 (Ky.App. 2006) (unpublished opinion), Disc. Rev. denied (2007).  The indictment charged that on December 30, 1993, Weiss and Hicks intentionally caused the death of Dwight M. Lawrence. Id.

On October 11, 1999, the Commonwealth filed a notice of intent to seek the death penalty. Id. at *1, *2. The Commonwealth indicated the aggravating factors were committing murder for the purpose of receiving money or any other thing of value, KRS 532.025(2)(a)(4), and committing murder while engaged in the commission of robbery in the first degree, KRS 532.025(2)(a)(2). Weiss, 2006 WL 2328452, *2. On October 12, 1999, the Commonwealth filed an amended notice of intent to seek the death penalty. Id.  In the amended notice the Commonwealth gave as aggravating factors that the offense of murder was committed for the purpose of receiving money or anything of value, KRS 532.025(2)(a)(4), and committed while engaged in the commission of burglary in the first degree, KRS 532.025(2)(a)(2). Weiss, 2006 WL 2328452, *2.

On March 9, 2001, pursuant to a plea agreement, Weiss pled guilty to an amended charge of complicity to commit murder, in exchange for the Commonwealth's recommendation of a light sentence under 1993 law, and Weiss' agreement to testify at any subsequent proceeding involving the murder. Id. at *1. The trial court accepted the plea and on April 16, 2001, sentenced Weiss in accordance with the plea agreement. Id.

2

On April 17, 2002, Weiss filed, *pro se*, a Ky.R.Crim.P. 11.42 motion to vacate his plea and sentence. In his Rule 11.42 motion, Weiss asserted four claims of ineffective assistance of counsel. Id. Specifically, Weiss alleged that he received ineffective assistance of counsel because (1) counsel created a conflict of interest by hiring the prosecutor; (2) counsel failed to challenge the death penalty; (3) counsel failed to advise Weiss of possible defenses; and (4) counsel failed to inform Weiss of what the plea entailed. Id.

The trial court appointed counsel to represent Weiss and conducted an evidentiary hearing in June of 2004. Id. In an order entered February 2, 2005, the trial court denied Weiss' Rule 11.42 motion. He then timely appealed.

The Kentucky Court of Appeals noted that Weiss' brief failed in many regards to comply with the requirements of Ky.R.Civ.P. 76.12, including the requirement to provide citations to the record. Id. It noted that Weiss' brief merely adopted the memorandum submitted to the trial court in support of the Rule 11.42 motion instead of presenting his arguments in the brief. Noting the leeway afforded *pro se* litigants, the Kentucky Court of Appeals elected to consider the merits of Weiss' appeal. Id.

On appeal, Weiss challenged the trial court's unfavorable rulings on his four claims of ineffective assistance of counsel. Id. To these claims, the Kentucky Court of Appeals applied the two-pronged Strickland[1] test with a modification to the "prejudice" component that is intended to address claims of ineffective assistance of counsel in the context of guilty pleas. Id. (citing Hill v. Lockhart, 474 U.S. 52 (1985)). In sum, the Kentucky Court of Appeals affirmed the order denying Weiss' Rule 11.42 motion because it concluded the trial court applied the correct standard and did not err in its findings. Id. at *1-*3. The Supreme Court of Kentucky denied Weiss' motion

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

3

for discretionary review on March 14, 2007.

On April 3, 2007, Weiss filed his petition for writ of habeas corpus (DN 4). In Ground 1 Weiss argues he received ineffective assistance of counsel because defense counsel created a conflict of interest by hiring the prosecutor as his assistant (DN 4). In Ground 2 Weiss asserts he received ineffective assistance of counsel because defense counsel failed to challenge the death penalty (DN 4). In Ground 3 Weiss contends he received ineffective assistance of counsel because defense counsel failed to advise him of possible defenses and failed to inform him of what the plea entailed (DN 4). In Ground 4 Weiss raises a claim that he did not present to the Kentucky Court of Appeals (DN 4). Specifically, Weiss argues review by the Kentucky Court of Appeals violated his due process and appellate rights (DN 4). Weiss claims to have raised this issue in his motion for discretionary review (DN 4).

## CONCLUSIONS OF LAW

### A

Since Weiss filed his petition for writ of habeas corpus on April 3, 2007 (DN 4) review of the State court decisions is governed by Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997). As to each claim made by Weiss, the Court must determine first whether a constitutional right has been violated. Williams v. Taylor, 529 U.S. 362, 367 (2000). If the answer is in the affirmative and the State court adjudicated the claim on its merits, this Court must then employ the standard of review set forth in 28 U.S.C. § 2254(d) to determine whether to grant the petition. Williams, 529 U.S. at 367, 402-403, 412-413. As amended, by Chapter 153 of AEDPA, § 2254(d) provides as follows:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding."

Under the "contrary to" clause of § 2254(d)(1), the Court may grant the petition if "the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] ... on a question of law or if the state court decides a case differently than ...[the Supreme Court] ... has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-413. Under the "unreasonable application" clause of § 2254(d)(1), the Court may grant the petition if "the state court identifies the correct governing principle from ... [the Supreme Court's] ... decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. To meet this standard the State court's application of clearly established federal law must be more than incorrect, it must be objectively unreasonable. Id. at 409-411. To meet the "unreasonable determination of facts" standard in § 2254(d)(2) the undersigned opines the State court's determination of facts must be more than incorrect, it must be objectively unreasonable. Id. In sum, § 2254(d), as amended by Chapter 153 of AEDPA, places constraints on the power of the Court to grant a petition as to constitutional claims adjudicated on the merits in the State courts. Williams, 529 U.S. at 412.

B

Grounds 1, 2, and 3 in the petition assert claims of ineffective assistance of counsel. The undersigned will set forth the applicable standard before addressing the merits of his claims.

In Strickland v. Washington, the Supreme Court observed there are two components to a claim that counsel's assistance was so defective as to require reversal of conviction or sentence. 466 U.S. 668, 687 (1984). In this regard, the Supreme Court commented as follows:

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable."

Id.

As to the first component, an objective reasonableness standard is applied. Id. at 688. Further, the Court must make the evaluation from counsel's perspective at the time rather than apply the distorting effects of hindsight. Id. at 689-690.

As to the second component, the Supreme Court noted that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691 (citation omitted). "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 692. For this reason, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. "A reasonable probability is a probability

6

sufficient to undermine confidence in the outcome." Id.

Notably, in Grounds 1, 2, and 3 Weiss claims that his decision to accept the plea offer was the product of ineffective assistance of counsel (DN 4, 16). Therefore, a modified version of the two-component test articulated in Strickland applies to his claims. Hill v. Lockhart, 474 U.S. 52, 58 (1985). While the "performance" component of the Strickland test remains the same, the "prejudice" component focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 58-59. Thus, to satisfy the "prejudice" requirement, Weiss "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

The Court need not conduct this two-component inquiry in the order identified above or even address both parts of the test if Weiss makes an insufficient showing on one. Strickland, 466 U.S. at 697. For example, if the Court determines Weiss has failed to satisfy the prejudice prong then it need not determine whether counsel's performance was deficient. Id.

C

In Ground 1, Weiss argues he received ineffective assistance of counsel due to a conflict of interest (DN 4). Weiss contends this conflict of interest arose when defense counsel, Charlie Pharis, hired as his assistant Tom Simmons, an ex-prosecutor who built the criminal case against Weiss (DN 4, 16). Weiss, 2006 WL 2328452, *1. Weiss alleges he was coerced into taking the plea because he was convinced by Pharis and Simmons that he would get the death penalty if he went to trial (DN 4, 16). Weiss, 2006 WL 2328452, *1.

Weiss' argument in Ground 1 places an additional twist on the Court's analysis because he is alleging counsel's ineffective assistance arises out of a conflict of interest. If Weiss

demonstrates that "counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance'" then "prejudice" is presumed. Strickland, 466 U.S. at 692.

The trial court articulated a number of reasons for discounting the credibility of Weiss' testimony during the evidentiary hearing (DN 4, attached copy of trial court order). The trial court found fully credible Mr. Pharis' testimony that he and Mr. Simmons were not law partners during the time Mr. Pharis represented Weiss (DN 4, attached copy of trial court order). Weiss, 2006 WL 2328452, *2. In essence, the trial court found no factual support for Weiss' conflict of interest claim. Id.

The factual determinations made by the Clinton Circuit Court "shall be presumed to be correct" absent Weiss rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Although Weiss has made assertions about the evidence presented during the evidentiary hearing (DN 4, 16) he has not presented clear and convincing evidence that rebuts the presumption of correctness accorded to the trial court's findings. In sum, the undersigned concludes there is no factual basis for Weiss' claim that a conflict of interest existed. Thus, Weiss has failed to demonstrate an actual conflict of interest affected his lawyer's performance. Strickland, 466 U.S. at 692.

Since Weiss has failed to demonstrate a violation of his Sixth Amendment right to counsel, it is not necessary to perform a § 2254(d) review. Notwithstanding, the rule set forth in Strickland "qualifies as 'clearly established federal law as determined by the Supreme Court of the United States.'" Williams v. Taylor, 529 U.S. 362, 391 (2000) (quoting § 2254(d)(1)). The Kentucky Court of Appeals acknowledged the two-component test set forth in Strickland as well as the applicability of the "prejudice" component articulated in Hill because Weiss claimed the decision

8

to accept the plea offer was the product of ineffective assistance of counsel. Weiss, 2006 WL 2328452, *2. Deferring to the trial court's findings on the issue, the Kentucky Court of Appeals concluded there was no factual basis for Weiss' ineffective assistance of counsel claim. Id. Clearly, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rules set forth in Strickland. Williams, 529 U.S. at 412-413 (quoting § 2254(d)(1)). Nor has the Kentucky Court of Appeals made an unreasonable determination of the facts in light of the evidence presented during the State court proceedings. 28 U.S.C. § 2254(d)(2). In sum, Weiss is not entitled to a writ on this claim.

Since the undersigned recommends rejecting Ground 1 on the merits, Weiss must demonstrate reasonable jurists would find it debatable whether he stated a valid claim of the denial of a Constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Ground 1 states a valid claim of the denial of a Constitutional right. Thus the undersigned does not recommend issuance of a Certificate of Appealability as to the ineffective assistance of counsel claim asserted in Ground 1 (DN 4).

D

In Ground 2, Weiss argues that counsel was ineffective for failing to challenge the death penalty (DN 4). Before the State courts Weiss argued since he had not been indicted for any of the aggravating factors set forth in the Commonwealth's notice to seek the death penalty, those aggravating factors amounted to an illegal broadening of the indictment. Weiss, 2006 WL 2328452, *2. Weiss contended defense counsel was ineffective for doing nothing to prevent this violation. Id. He reiterates this argument here (DN 16).

9

There is no merit to Weiss' assertion that a Constitutional violation occurred merely because the indictment did not charge him with the aggravating factors set forth in the Commonwealth's notice to seek the death penalty. First, the Fourteenth Amendment has not "been construed to include the Fifth Amendment right to 'presentment for indictment of a Grand Jury' ..." Apprendi v. New Jersey, U.S. 466, 477, n. 3 (2000). Next, under Kentucky law aggravators are not required to be charged in the indictment. Weiss, 2006 WL 2328452, *2. "KRS 532.025(1) only requires the Commonwealth to provide written notice of aggravating circumstances prior to trial." Id. (citations omitted). Since the Commonwealth complied with this requirement under KRS 532.025(1) no error of State law occurred.[2] Id. Further, there is no factual support for Weiss' claim that there was an illegal broadening of the indictment. Since no error of federal or State law occurred Weiss cannot possibly satisfy the first component under Strickland. 466 U.S. at 689-690. Nor can he satisfy the "prejudice" component under Hill. 474 U.S. at 58.

Since Weiss has failed to demonstrate a violation of his Sixth Amendment right to counsel, it is not necessary to perform a § 2254(d) review. Notwithstanding, the Kentucky Court of Appeals held since no error of State law occurred, defense counsel "cannot be said to have been deficient in this regard." Weiss, 2006 WL 2328452, *2. Clearly, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rules set forth in Strickland. Williams, 529 U.S. at 412-413 (quoting § 2254(d)(1)). In sum, Weiss is not entitled to a writ on this claim.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Ground 2 states a valid claim of the denial of a Constitutional

---

[2]This holding by the Kentucky Court of Appeals with respect to State law is binding on the federal habeas court. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions").

10

right. Slack, 529 U.S. at 484. Thus, the undersigned does not recommend issuance of a Certificate of Appealability as to the ineffective assistance of counsel claim asserted in Ground 2 (DN 4).

E

In Ground 3, Weiss contends that counsel was ineffective for failing to advise him of possible defenses and failed to inform him of what the plea entailed (DN 4).

Relying on the transcript of the change of plea hearing and testimony from Mr. Pharis during the evidentiary hearing, the trial court concluded there is no factual basis for Weiss' ineffective assistance of counsel claim (DN 4, attached copy of trial court order). These factual findings "shall be presumed to be correct" because Weiss has not rebutted them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Clearly, Weiss cannot possibly satisfy his burden as to the first component under Strickland. 466 U.S. at 689-690. Nor can Weiss satisfy the second component under Hill. 474. U.S. at 58.

Since Weiss has failed to demonstrate a violation of his Sixth Amendment right to counsel, it is not necessary to perform a § 2254(d) review. Notwithstanding, the Kentucky Court of Appeals deferred to the factual findings of the trial court and concluded there was no factual support for his claim. Weiss, 2006 WL 2328452, *3. Clearly, the Kentucky Court of Appeals' adjudication of this claim has not resulted in a decision that is either "contrary to" or involved an "unreasonable application of," the rules set forth in Strickland. Williams, 529 U.S. at 412-413 (quoting § 2254(d)(1)). In sum, Weiss is not entitled to a writ on this claim.

For the reasons set forth above, the undersigned is confident that jurists of reason would not find it debatable whether Ground 3 states a valid claim of the denial of a Constitutional right. Slack, 529 U.S. at 484. Thus, the undersigned does not recommend issuance of a Certificate

of Appealability as to the ineffective assistance of counsel claim asserted in Ground 3 (DN 4).

F

In Ground 4, Weiss contends that his rights to due process and an appeal were violated because of what the Kentucky Court of Appeals relied on when it addressed his claims on appeal (DN 4, 16). His claim arises out a foot note that reads as follows:

> "We are relying on the trial court's order denying the RCr 11.42 motion, which summarized the testimony presented at the evidentiary hearing. The record does not contain a recording or transcript of the hearing. The record contains an affidavit from the Clinton County Circuit Clerk's office, which states that the tape of the evidentiary hearing, as well as tapes of other proceedings in this case, could not be located. Weiss does not raise this as an issue on appeal."

Weiss, 2006 WL 2328452, *2. Weiss argues he was not aware of this problem with the trial court record until he received the opinion of the Kentucky Court of Appeals (DN 4). He claims to have raised the issue in his motion for discretionary review by the Supreme Court of Kentucky (DN 4). The Supreme Court of Kentucky denied his motion (DN 4).

Since this claim is not related to Weiss' detention, it is not properly raised under 28 U.S.C. § 2254(a). Kirby v. Dutton, 794 F.2d 245, 246-247 (6th Cir. 1986). Stated differently, a petition for writ of habeas corpus cannot be used to challenge errors or deficiencies in State post-conviction proceedings because such claims are collateral to the issue of whether Weiss "is in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a); Kirby, 794 F.2d at 246-248. In sum, the claim in Ground 4 is not cognizable in federal habeas corpus proceedings. Kirby, 794 F.2d at 246-248.

A two-prong test is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on a procedural ground. Slack, 529 U.S. at 484-485. To satisfy the first prong, Weiss must demonstrate "jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a Constitutional right." Id. at 484.  To satisfy the second prong, he must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.  Notably, the Court need not conduct this two-prong inquiry in the order identified or even address both parts if Weiss makes an insufficient showing on one part. Id. at 485.

Here, for the reason set forth above, the undersigned concludes a plain procedural bar is present and jurists of reason would not find it debatable whether federal review is barred. Id. at 484.  Therefore, the undersigned does not recommend issuance of a Certificate of Appealability as to the claim asserted in Ground 4 (DN 4).

## RECOMMENDATION

For the foregoing reasons, it is recommended that Weiss' petition for writ of habeas corpus be DENIED and that a Certificate of Appealability be DENIED as to each claim asserted in his petition.

NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:    Petitioner, *pro se*
           Counsel of Record